IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

REDONDO CONSTRUCTION CORPORATION

    Debtor

CASE NO.  02-02887 ESL

CHAPTER 11

CONTINENTAL LORD INC.

    Plaintiff

vs.

REDONDO CONSTRUCTION CORPORATION; MIGUEL REDONDO BORGES; CARMEN RAFULS HERNANDEZ; CONJUGAL PARTNERSHIP COMPRISED BY MIGUEL REDONDO AND CARMEN RAFULS; JORGE REDONDO BORGES; JANE DOE; CONJUGAL PARTTNERSHIP COMPRISED BY JORGE REDONDO AND JANE DOE; CORPORATION ABC; CORPORATION XYZ; ASSURANCE COMPANY A; ASSURANCE COMPANY B.

    Defendants

ADV. PROC. 22-00051

OPINION AND ORDER

This adversary proceeding is before the court upon the "MOTION FOR RECONSIDERATION PURSUANT TO FED. BANKR. RULE 9023" filed by plaintiff, Continental Lord, Inc. ("CLI"), and the oppositions filed by codefendants Jorge Redondo, Carmen Rafuls, Miguel Redondo, and the Conjugal Partnership composed by Miguel Redondo and Carmen Rafuls and Redondo Construction Corporation. CLI requests that this court alter

-1-

and/or amend its opinion and order (the Opinion and Order) entered on June 16, 2023 [docket # 95] and the judgment entered on June 20, 2023," dismissing the instant Adversary Proceeding (dkts # 99, 102, 103 & 104). CLI contends that this court's determination of lack of jurisdiction "would result in a manifest injustice that would effectively provide the Debtor/and codefendants with unjust enrichment." The oppositions to the motion for reconsideration stress the inapplicability of the standards required under Rule 59(e) of the Fed. R. Civ. P. as the arguments raised are the ones already raised and considered by the court, or new ones that should have been presented before.

At the outset, the court notes that it understands the equitable arguments raised by CLI as the controversy between the parties has had a long history. However, this concern over the litigious history between the parties was addressed by the court in the Opinion and Order subject of the instant motion for reconsideration. The court will not repeat the analysis in its Opinion and Order but will only address certain portions of the same. The court stands on its reasoning and conclusions and incorporates the same herein.

The Opinion and Order entered on June 16, 2023 (dkt. #95)

The court summarized the relevant procedural history of the controversy between the parties as follows:

"The travel of this case is not only extensive but convoluted and has been on-going for more than two decades. However, the Court notes that the procedural background as to CLI's pass-through claim and the treatment that this pass-through claim was afforded by the Debtor throughout the bankruptcy case and in adversary proceeding 03-00194 was thoroughly discussed in this Court's April 8, 2019, Opinion and Order and the January 27, 2022, Opinion and Order (dkt #s 2652 & 2717) in the lead bankruptcy case (02-02887). On April 8, 2019, the Court rendered an Opinion and Order by which it denied the Debtor's Position as to Overpayment to Lord Under the 15% Footnote Provision of the Supplement to Plan of Reorganization at Docket No. 1017 (Lead Case No. 02-02887; dkt# 2627) and granted in part and denied in part, Lord's Opposition to Debtor's Position as to Alleged Overpayment Under the 15% Footnote Provision (Lead Case No. 02-02887; dkt # 2629). The Court ordered the parties to submit within thirty (30) days, their respective computations regarding how the interest component should be

distributed, "[a]s per the agreement of August 15, 1994, as amended, with Continental Lord, Inc. ("CLI"), CLI is entitled to a 15% pass through from the recovery by Debtor, less proportioned expenses," pursuant to the principles of contractual interpretation premised upon articles 1233-1241 of the PR Civil Code, 31 L.P.R.A. §§3141-3479. (dkt# 2652). Consequently, on January 27, 2022, this Court granted CLI's Motion in Compliance with Court Order (dkt #2662) and denied Redondo's Motion in Compliance with Court Order at Docket No. 2652 (dkt #2667)."

The court stated that the counts in the complaint before the court are:

"Plaintiff's Complaint includes four counts; namely: (i) breach of contract (amended confirmed plan); (ii) breach of fiduciary duties and good faith covenants; (iii) collection of monies action; and (iv) damages. The breach of contract claim is based upon the allegation that the defendants breached their obligations because they paid related companies contrary to the plan provisions which specified that no payment shall be made to shareholders, until all creditors are paid. The breach of contract claim is related to the breach of fiduciary duties and good faith covenants claim because the Plaintiff alleges that the defendants when they assumed the administration of the implementation and consummation of the amended confirmed plan, they owed the Plaintiff and the Court a fiduciary duty to act in good faith. The damages claim stems from the defendants' breach of their fiduciary duties and the terms of the amended confirmed plan. Plaintiff's Complaint also includes a collection of monies claim based upon this court's ruling that the Debtor owes CLI $1,367,762.07 for its respective interest award for the allocation of the principal amount of its pass-through claim. The Plaintiff requests that the Court orders the Debtor and the plan administrators to pay the Plaintiff."

The court identified that the following jurisdictional issues were before the court:

"The first legal issue the Court must consider is whether it has subject matter jurisdiction to enforce its previous Opinion and Orders wherein the court determined that the Debtor owed CLI $1,367,762.07 as part of its interest award. The pleadings as to the collection of monies claim are that despite the Court's ruling, neither the Debtor nor the plan administrators have paid Plaintiff and thus, CLI requests that the Court orders the Debtor and the Defendants to pay the Plaintiff the interest amounts owed. The second legal issue is whether the court has subject matter jurisdiction to address the Plaintiff's claim that the Defendants breached the confirmed amended plan of reorganization because they paid Debtor's related entities before paying CLI's pass-through claim. The third issue is whether the court has subject matter jurisdiction to delve into claims based upon alleged breach of

fiduciary duties and good faith covenants by the Debtor and the plan administrators (officers/directors of the Debtor) premised upon allegations that the defendants breached the terms of the amended confirmed plan when they made distributions to related entities before paying CLI's interest award (based on its pass-through) claim."

The jurisdictional analysis by the court was, and is, premised on its decision in Irizarry v. Irizarry (In re Betteroads Asphalt, LLC), 2021 Bankr. LEXIS 3081, *31-39; 2021 WL 5182431 (Bankr. D.P.R. 2021).

The court went on to analyze its prior decisions on the matter as a prelude to applying the relevant jurisdictional principles to the present action. After a detailed analysis, the court concluded that:

1. "In the instant case, the court retained post-confirmation jurisdiction to interpret the binding provisions of the amended confirmed plan as supplemented and the Debtor's contention regarding the subcontractor claims in adversary proceeding No. 03-00194, which resulted in the two Opinions and Orders referenced herein. The amended plan, as supplemented, was confirmed on October 6, 2005 (Lead case 02-02887, dkt #1209). A proceeding to execute/enforce a collection of monies claim premised upon the Debtor's (and the Debtor's officers) noncompliance with this Court's Opinions and Orders is best brought via a different procedural vehicle such as a motion for contempt. A motion for contempt to enforce a Court Order pursuant to Fed. R. Civ. P. 9014 & 9020 and 11 U.S.C. §§105(a) 1141, 1142 is not before the consideration of the court. The Court also notes that there is no money judgment as to the interest amounts owed by the Debtor, thus a writ of execution under Fed. R. Civ. P. 69 is not a proper procedural request/remedy. Therefore, the court finds that CLI's arguments as to the Court's enforcement of its own prior orders is misplaced."

2. "In the instant adversary proceeding, as the basis of jurisdiction CLI states that this court has jurisdiction pursuant to 28 U.S.C. §§1334(a) and 157(a), and further states that this is a core proceeding pursuant to 28 U.S.C. §157(b) because it involves substantive rights and the integrity of the bankruptcy court. CLI also contends that this court has subject matter jurisdiction pursuant to the close nexus test for determining post-confirmation "related to" jurisdiction. CLI's jurisdictional analysis is misplaced because it failed to provide whether the bankruptcy court's jurisdiction was "arising under," "arising in" or "related

to." The jurisdictional statute for ensuring compliance with the provisions of a confirmed plan is 11 U.S.C. §1142(b)."

3. "The court after analyzing the relevant confirmed amended plan provisions as to the means for plan execution and distribution of the litigation trust funds and the treatment of claims finds that CLI's claim as to the alleged breach of the terms of the plan by Redondo is unsubstantiated. CLI's reliance in Article XIII C is misplaced because the Debtor paid its claimants pursuant to the plan provisions discussed above and that is what the wording of Article XIII C requires. Therefore, this court holds that it lacks subject matter post-confirmation jurisdiction as to the alleged breach of contract (amended confirmed plan) because as discussed above CLI's post-confirmation jurisdiction arguments are inapposite and thus, do not have any effect on the confirmed amended plan's meaning, implementation, execution, or administration. Moreover, at this juncture, the amended confirmed plan has been substantially consummated (the payment to the pass-through claimants is not necessary to effectuate the plan), property of the estate has vested in the Reorganized Debtor pursuant to 11 U.S.C. §1141(b) and all allowed claims have been paid in full pursuant to the amended confirmed plan's provisions."

4. "Lastly, CLI contends that this Court has subject matter jurisdiction regarding the breach of fiduciary duties premised upon breach of the terms of the confirmed amended plan premised upon the allegations that the Defendants paid related companies which held no claims to such funds with the proceeds of the adversary proceeding of the PR-52 Mayagüez project. The Court concludes that this argument has no basis in the confirmed amended plan because the plan did not provide for distribution of the pass-through claims. Therefore, there was no breach of the confirmed amended plan, and this Court has no subject matter jurisdiction over said claim. Notwithstanding, this holding does not exclude that CLI may have independent causes of action under state law against the Defendants and the Reorganized Debtor for breach of fiduciary duties. The distinction between debtor in possession and reorganized debtor might have a bearing in the argument as to breach of fiduciary duties. It is important to note that the Bankruptcy Code does not address fiduciary duties, but courts have held that debtors in possession and those who control the debtor in possession have fiduciary duties just as a Chapter 11 or 7 trustee would. See Commodity Future Trading Comm. v. Weintraub, 471 U.S. 343, 355 (1985); Wolf v. Weinstein, 372 U.S. 633, 649 (1963); In re Brook Valley IV, 347 B.R. 662, 672-673 (B.A.P. 8th Cir. 2006) ("'The United States Supreme Court has made clear that a debtor in possession, like a chapter 11 trustee, owes the estate and its creditors a general duty of loyalty. [I]n practice these fiduciary

-5-

responsibilities fall not upon the inanimate corporation, but upon the officers and managing employees who must conduct the Debtor's affairs under the surveillance of the court.'" (internal citations omitted)), aff'd, In re Brook Valley VII, Joint Venture, 496 F. 3d 892 (8th Cir. 2007). The issue as to post-petition conduct of the officers and directors of the DIP is whether it falls under federal or state law. "Several bankruptcy courts have referred to this as a separate fiduciary duty imposed on a DIP and its directors, rather than fiduciary duties under state law. But the source of such a separate duty is unclear. Some have pointed to 11 U.S.C. §1107(a), but that section merely states that a DIP 'shall perform all the functions and duties … of a trustee serving in a case under this chapter…'" 'Duties,' of course, does not necessarily mean 'fiduciary duties,' and the source of the 'duties … of a trustee serving in a case under this chapter' is Section 1106(a) of the Bankruptcy Code which does not mention fiduciary duties." Russel C. Silberglied, *Litigating Fiduciary Duty Claims in Bankruptcy Court and Beyond: Theory and Practical Considerations in an Evolving Environment*, 10 J. Bus. & Tech. L. 181, 207-208 (2015)."

Motion for Reconsideration Standard

A motion for reconsideration of an order or judgment is not recognized by the Federal Rules of Civil Procedure. In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999) aff'd, 2001 WL 958803 (1st Cir. 2001) (citing Van Skiver v. United States, 952 F. 2d 1241, 1243 (10th Cir. 1991)). Federal courts treat such a motion as either a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) or a motion for relief of judgment under Fed. R. Civ. P. 60(b). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within fourteen (14) days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e)." If the motion is served after that time, it falls under Rule 60(b). Id.

In the instant case, CLI's motion for reconsideration was filed within fourteen (14) days from the date that the dismissal order was entered. Therefore, the motion will be treated as one under Fed. R. Civ. P. 59(e), made applicable through Fed. R. Bankr. P. 9023.

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to

reverse its earlier decision. Pabon Rodriguez, 233 B.R. at 218 (citations omitted). The movant "must either clearly establish a manifest error of law or must present newly discovered evidence." Id. See also: BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997). The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Id. Generally, when a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Rule 59(e) motion. Id. Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. Id. The federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. Id. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Id.

"As an 'extraordinary remedy,' a motion for reconsideration's utility is properly limited to: '(1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice.' Villanueva–Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 324 (D. Puerto Rico 2005)." Northwest Bypass Group, et al. V. U. S. Army Corps of Engineers, et al., 490 F. Supp. 2d 184, 187 (D. N.H. 2007).

Manifest injustice has been defined as an error in the trial court that is direct, obvious, and observable. De Borja v. Razon, 340 F.R.D. 400, 409 (D. Ore. 2021). A manifest injustice exists when a verdict is wholly without legal support, and the error is obvious to all who view it. In re Wansdown Properties Corporation N.V., 626 B.R. 141, 144 (Bankr. S.D. N.Y. 2021).

Discussion

After considering the arguments by the parties and the applicable law, the court is not moved to reverse its prior Opinion and Order. The court does not find that the Opinion and Order

is legally erroneous, nor does it entail a manifest injustice under the facts of this case and the litigious history of the controversy between the parties.

Conclusion

In view of the foregoing, CLI's motion for reconsideration is hereby denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of September 2023.

Enrique S. Lamoutte
United States Bankruptcy Judge

-8-